IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE L. HARROLD, GEOFFREY L. HARROLD,<br><br>              Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, CITY OF OMAHA NEBRASKA, a municipal corporation;<br><br>              Defendants. | 8:14CV215<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Defendant United States of America's Motion to Reconsider or, in the Alternative, to Certify for Interlocutory Appeal, and Motion to Stay Further Proceedings, Filing No. 30.

Defendant United States of America (hereinafter, "the United States" or "the government") seeks reconsideration of this court's denial of its motion to dismiss for lack of subject matter jurisdiction based on the statute of limitations. *See* Filing No. 27, Memorandum and Order. It contends that the court's decision is contrary to precedent and that the court applied the wrong legal standard for evaluating equitable tolling. Filing No. 31, Brief at 1-2.

This court denied the government's motion to dismiss relying on two cases pending at the United States Supreme Court that involve the issue of "[w]hether the six-month time bar for filing suit in federal court under the Federal Tort Claims Act, 28 U.S.C. 2401(b), is subject to equitable tolling" and "whether the two-year time limit for filing an administrative claim with the appropriate federal agency under the Federal Tort Claims Act, 28 U.S.C. 2401(b), is subject to equitable tolling." *See Kwai Fun Wong v. Beebe* 732 F.3d 1030, 1036 (9th Cir. 2013), *petition for cert. filed Sub nom. United States v. Wong*, 2014 WL 906635

(U.S. March 7, 2014), *cert. granted*, 134 S. Ct. 2873 (U.S. Jun 30, 2014) (No. 13-1075); *June v. United States*, 550 Fed. App'x 505 (9th Cir. 2013), *petition for cert. filed*, 2014 WL 906595 (U.S. March 7, 2014), *cert. granted,* 134 S. Ct. 2873 (U.S. Jun 30, 2014) (NO. 13-1075).  Those cases were argued on December 10, 2014, and await decision.  *See* www.supremecourt.gov/oral_arguments/argument_transcript.aspx.

As noted in this court's opinion, the viability of the caselaw on which the government relies has been called into question by the Supreme Court.[1]  Filing No. 27, Memorandum and Order at 12-13.  Because the Supreme Court's decision could be dispositive of the issue, the court finds the government's motion should be denied, subject to reassertion after the Supreme Court issues its opinion.  To the extent the government seeks clarification of this court's order, the court found no more than that the government had not shown that it was entitled to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction by reason of the time bar.  *See id.* (stating "the court finds it prudent to deny the United States' motion to dismiss for lack of subject matter jurisdiction at this time, without prejudice to reassertion should the Supreme Court find differently").

The court finds the government's motion for leave to file an interlocutory appeal should also be denied.  In order to prevail on its request to pursue an interlocutory appeal, the government must demonstrate this is an "exceptional case" warranting immediate

---

[1] The government contends that "[e]very court of appeals to have addressed the issue has made clear that a plaintiff under the FTCA must comply with both time limits[,]" citing *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014); *Willis v. United States,* 719 F.2d 608, 610 (2d Cir. 1983); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987); *Ellison v. United States,* 531 F.3d 359, 361-62 (6th Cir. 2008); *Dyniewicz v. United States,* 742 F.2d 484, 485 (9th Cir. 1984); *Franklin Sav. Corp. v. United States,*  385 F.3d 1279, 1287 (10th Cir. 2004); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001); *Schuler v. United States,* 628 F.2d 199, 201-02 (D.C. Cir. 1980).  Filing No. 35, Reply Brief at 4 n.1.  The holdings in those cases are dependent on a finding that the timeliness requirements imposed in the FTCA are "jurisdictional," so as to preclude equitable tolling, which is precisely the issue presently before the Supreme Court.

appeal. See *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal of an order where the court determines that "'(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.'" *Union Cnty., Iowa v. Piper Jaffray & Co.,* 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 377). Unless and until the Supreme Court issues its ruling, there is no substantial ground for difference of opinion.

Further, the court finds it is not necessary to stay the action pending the Supreme Court's ruling in the two pending cases. The cases were argued almost three months ago and an opinion should be forthcoming in the near future. The government has had the benefit of a stay of discovery pending the ruling on its motion to dismiss and a continuance of answer and Rule 26 deadlines during the pendency of its motion for reconsideration. *See* Filing Nos. 22 & 34. Accordingly,

IT IS ORDERED that Defendant United States of America's Motion to Reconsider or, in the Alternative, to Certify for Interlocutory Appeal, and Motion to Stay Further Proceedings (Filing No. 30) is denied, without prejudice to reassertion after the Supreme Court issues its opinion in the pending cases referenced above.

DATED this 9th day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge